# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND PAUL ROSAS, | |
|     Petitioner, | 3:06-cv-00387-LRH-VPC |
| vs. | ORDER |
| BILL DONAT, et al., | |
|     Respondents. | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on: (1) a motion (#8) for reconsideration of the Court's denial of petitioner's first application to proceed *in forma pauperis* as moot; (2) a second application (#11) to proceed *in forma pauperis*; (3) two motions (## 6 & 10) for appointment of counsel; and (4) the Court's *sua sponte* inquiry into whether the petition is subject to dismissal without prejudice for failure to completely exhaust state judicial remedies as to all claims. This order follows upon the petitioner's response (#9) to the Court's show cause order (#4).

### *Applications to Proceed In Forma Pauperis*

The Court's administrative records show that the filing fee has been paid. That is the end of the matter. Petitioner's motion (#8) for reconsideration therefore will be denied and his second application to proceed *in forma pauperis* accordingly will be denied as moot. The Court notes that the average monthly deposits reflected in both the original and final financial certificates submitted (## 1 & 11) were sufficient to require that the $5.00 filing fee be paid, and petitioner never submitted the required

inmate account statement that would show all receipts and expenditures in his inmate account for a six month period. The payment of the filing fee in all events ends any further inquiry.[1]

### *Motions for Appointment of Counsel*

On the two motions for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965), *cert. denied*, 382 U.S. 996 (1966). Having reviewed the petition, the requests for counsel, and the remaining papers on file, the Court finds that the interests of justice do not require that counsel be appointed at this juncture. While petitioner asserts that he is in a segregated unit without law library access, he acknowledges that he can obtain law books from the library; and his show cause response demonstrates that he can access legal authority.

### *Sua Sponte Exhaustion Inquiry*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with

---

[1] The second application (#11) actually is a financial certificate that petitioner intended to be filed as an exhibit to the motion for reconsideration, but the certificate was docketed by the Clerk as a second application. The Court treats the filing as a second application herein so that the matter will be clearly shown as resolved on the docket.

both the operative facts and the federal legal theory upon which his claim is based. *E.g., Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003). The exhaustion requirement accordingly insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

The relevant background is set forth in the Court's prior order (#4). In his show cause response, petitioner acknowledges that his state post-conviction counsel did not present the claims corresponding to Grounds Two through Eight of the federal petition to the Supreme Court of Nevada. The claims of trial court error in Grounds Two through Seven also had not been presented earlier on direct appeal. Petitioner requests that he be allowed to exhaust the claims pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

The record accordingly establishes that Grounds Two through Eight of the petition are not exhausted and that the petition therefore is subject to dismissal for lack of complete exhaustion unless the unexhausted claims are dismissed. If petitioner wishes to instead request a stay pursuant to *Rhines*, he must demonstrate that the good cause and other requirements of *Rhines* are satisfied in this case.

IT THEREFORE IS ORDERED that petitioner's motion (#8) for reconsideration, second application (#11) to proceed *in forma pauperis*, and two motions (## 6 & 10) for appointment of counsel all are DENIED.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order within which to file a motion either for dismissal without prejudice of the entire petition, for a partial dismissal only of Grounds Two through Eight of the petition, and/or for other appropriate relief. The entire petition will be dismissed without prejudice for lack of exhaustion if petitioner does not seek other relief within thirty days of entry of this order.

DATED this 17th day of January, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE