# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAYMOND PAUL ROSAS,

    *Petitioner*,

vs.

BILL DONAT, *et al.*,

    *Respondents*.

3:06-cv-000387-LRH-VPC

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court: (a) on its *sua sponte* screening inquiry into whether the amended petition and/or claims therein are subject to dismissal due to lack of exhaustion, failure to state a claim, untimeliness, and/or procedural default; and (b) petitioner's declaration of partial dismissal as to certain claims. Petitioner Raymond Paul Rosas is challenging his 2000 Nevada state conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon, first-degree kidnapping with the use of a deadly weapon, and conspiracy to commit murder.

The partial dismissal resolves numerous issues identified in the prior show cause order (#32), but not all such issues.

*Inter alia*, there are continuing exhaustion issues as to certain of the claims remaining in federal Grounds 4 and 7.

**Ground 4**

In remaining claims in Ground 4, petitioner alleges that he was denied rights to due process and

a fair trial in violation of the Fifth, Sixth, and Fourteenth Amendments because he was convicted upon the allegedly unreliable and uncorroborated testimony of, under Ground 4(a), co-conspirator Bradley Kimes and, under Ground 4(b), co-conspirator Cecele Linton.

The show cause order, in pertinent part, directed petitioner to demonstrate that Ground 4(a) was exhausted to the extent that petitioner alleges that the introduction of Kimes' testimony rendered the evidence insufficient to support the conviction for conspiracy to commit murder as well as the kidnapping conviction.[1]

The show cause order referred to Ground One of petitioner's second state petition. Petitioner alleged therein that alleged contradictions in Kimes' testimony "rendered witness Kimes' testimony as insufficient evidence adduced to support the jury's verdict of First-Degree Kidnapping." He maintained that the State "relied heavily on Kimes' testimony to prove the kidnapping theory" and that without Kimes' testimony "no kidnapping charges would have existed." Petitioner made no such allegations regarding the conviction for conspiracy to commit murder, as, indeed, he made no reference in the state Ground One to that charge.[2]

In the show cause response, petitioner maintains:

> On page 8-J of the pro se state habeas petition, Rosas alleged in Ground Five that "without the perjured testimony and statement given by Mr. Kimes (As shown in Ground One of this Petition) the State" would have had insufficient evidence to convict Rosas of the kidnaping and conspiracy charges. (Ex. 83, p.8-J). . . . .

#35, at 7, lines 9-12.

The problems with this argument are threefold.

First, Ground Five itself did not present a claim of insufficient evidence *per se*, but instead presented a claim that the state trial court had erred "when allowing Petitioner's three day trial to commence relying on an unproven *kidnapping* to establish [territorial] jurisdiction."[3]

Second, state Ground Five made absolutely no reference to the charge of conspiracy to commit

---

[1] #32, at 6, lines 6-10, & 9, lines 13-14.

[2] #30, Ex. 83, at 8-A to 8-B.

[3] #30, Ex. 83, at 8-I (emphasis added).

-2-

murder. Petitioner's counsel initially quotes from state Ground Five but then drops the quotes before stating in the remainder of the sentence that petitioner alleged in Ground Five that the evidence was insufficient to convict him of the conspiracy charge as well as the kidnapping charge. Ground Five, again, makes absolutely no reference to the conspiracy charge. The Court bases its decision on what actually is in the record.

Third, state Ground Five refers back to state Ground One, which, as well, makes no reference to the conspiracy charge.

Petitioner's *pro se* status in the state courts does not eliminate the requirement that he must fairly present the state courts with both the operative facts and legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The effort to establish fair presentation based upon a statement as to the content of the record that is belied by that record is unpersuasive. Petitioner never claimed in the state courts that the allegedly unreliable and uncorroborated testimony of Kimes rendered the evidence insufficient to convict him of conspiracy to commit murder.

Ground 4 is not exhausted to the extent that petitioner alleges that the introduction of Kimes' testimony rendered the evidence insufficient to support the conviction for conspiracy to commit murder.

***Ground 7***

In the remaining claims in Ground 7, petitioner alleges, *inter alia*, that he was denied rights to due process and a right to a fair trial in the state and district where the crime was committed because there was insufficient evidence to establish that the crimes occurred in Nevada for purposes of assertion of jurisdiction by the Nevada state courts.

The show cause order, in pertinent part, directed petitioner to demonstrate that Ground 7 was exhausted to the extent that petitioner alleges a denial of due process. The order noted that the closest corresponding state law claim in petitioner's second state petition, Ground Five, alleged only that he was denied a right to an impartial jury of the state and district where the crime was committed.[4]

In the show cause response, petitioner urges that state Ground Five presented an insufficient evidence claim under the Due Process Clause, that state Ground Five incorporated a due process claim

---

[4] #32, at 8, lines 7-11, & 10, lines 1-4. #30, Ex. 83, at 8-I to 8-J.

in state Ground One, and that a due process claim equates to a claim of a denial of a fair trial.

The Court is not persuaded. State Ground Five clearly was directed to the charges being prosecuted in a Nevada state court, and the allegation of insufficient evidence pertained to the claim that the Nevada courts did not have jurisdiction to try the case. The only constitutional legal theory invoked on this claim was a denial of a right to an impartial jury of the state and district where the crime was committed. Petitioner must fairly present the state courts with both the operative facts and legal theory upon which his claim is based. *E.g., Castillo, supra*. A claim that a petitioner was denied a right to an impartial jury of the state and district where the crime was committed does not present a due process claim. The Court has construed the claim in federal Ground 7 of a denial of "a right to a fair trial in the state and district where the crime was committed" as corresponding to the exhausted claim regarding the territorial jurisdiction issue. That does not signify, however, that petitioner has exhausted claims of denial of a general "right to a fair trial" or, by extension, of a right to due process.

Petitioner's *pro se* status does not relieve him of the obligation to fairly present the state courts with each federal legal theory that he seeks to present on federal habeas review. Nor did state Ground Five fully incorporate state Ground One to present a due process claim as to insufficiency of the evidence.

Ground 7 is not exhausted to the extent that petitioner alleges a denial of due process or a denial of a corresponding general right to a fair trial. Only a constitutional claim of a denial of "a right to a fair trial in the state and district where the crime was committed," *i.e.,* a claim based upon an alleged federal constitutional protection against the charges being prosecuted in Nevada, is exhausted.

***Remaining Matters***

Petitioner accordingly will be given an opportunity to take appropriate action with regard to the unexhausted claims. If petitioner elects to dismiss the unexhausted claims, the Court then will address the procedural default issues that remain as to Grounds 2, 4, 5 and 7 in advance of ordering further action in the case.

In this regard, it would appear from the record in other matters that petitioner's counsel of record may be on maternity leave. The Court is not inclined to extend the time set herein for a response to this order based upon counsel being on leave. The issues involved in responding to the order are not such

that another Assistant Federal Public Defender may not handle the response. The Court needs to move this case to a resolution, and it cannot put the case on hold until counsel returns from leave and then seeks to juggle the demands of responding to this order along with the demands of intervening developments in her other cases.

    IT THEREFORE IS ORDERED that, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and following upon petitioner's declaration (#41) of partial dismissal, the following claims are DISMISSED without prejudice:

    (1)    Ground 1 in its entirety;

    (2)    the claims in Ground 2 based upon a denial of rights to equal protection and a reliable sentence and based upon the Eighth Amendment;

    (3)    the claims in Ground 4 based upon a denial of rights to equal protection and a reliable sentence and based upon the Eighth Amendment;

    (4)    the claims in Ground 5 based upon a denial of rights to due process, equal protection, a fair trial and a reliable sentence and based upon the Eighth Amendment; and

    (5)    the claims in Ground 7 based upon a denial of rights to equal protection and a fair sentencing hearing.

    IT FURTHER IS ORDERED, considering the foregoing, that the Court holds that the following claims are not exhausted:

    (1)    the claim in Ground 4 alleging that the introduction of Bradley Kimes' testimony rendered the evidence insufficient to support the conviction for conspiracy to commit murder; and

    (2)    the claims in Ground 7 alleging denials of due process and of a corresponding general right to a fair trial.

    IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order within which to file a motion for dismissal without prejudice of the entire petition, for partial dismissal only of the unexhausted claims, and/or for other appropriate relief. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within ten (10) days thereafter,

a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court.  The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed.

   IT FURTHER IS ORDERED that respondents may file a response to any such motion filed, and petitioner may file a reply, within the normal time limits provided for in Local Rule LR 7-2, but running initially from service of the verification rather than the motion.

   DATED this 25th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE