# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAYMOND PAUL ROSAS,

*Petitioner*,

vs.

BILL DONAT, *et al.*,

*Respondents*.

3:06-cv-000387-LRH-VPC

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court: (a) on petitioner's motion (#43) for partial dismissal, following upon the Court's holding that certain claims were not exhausted, which has not been opposed; and (b) the remaining portion of the Court's prior *sua sponte* screening inquiry, which is directed to whether the remaining claims in Grounds 2, 4, 5 and 7 are barred by procedural default. The motion (#43) for partial dismissal will be granted, and the Court accordingly turns to the remaining portion of the show cause inquiry.

***Background***

Petitioner Raymond Paul Rosas is challenging his 2000 Nevada state conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon, first-degree kidnapping with the use of a deadly weapon, and conspiracy to commit murder.

On direct appeal, petitioner raised only one claim, a challenge to the sufficiency of the evidence on the first-degree murder charge. The Supreme Court of Nevada affirmed on May 29, 2001.

On or about March 5, 2002, petitioner mailed a state post-conviction petition for filing. Counsel was appointed for petitioner. Counsel filed a supplemental petition, and she pursued an appeal of the

denial of relief. On the state post-conviction appeal, counsel pursued claims only of ineffective assistance of trial counsel. The Supreme Court of Nevada affirmed the denial of state post-conviction relief in May 2006.

On or about, July 9, 2006, the *pro se* petitioner mailed the original federal petition in this matter to the Clerk of this Court for filing. Original Ground 1 raised claims of ineffective assistance of trial counsel. Original Grounds Two through Seven raised independent substantive claims of trial court error. Original Ground Eight raised claims of ineffective assistance of appellate counsel.

The Court directed petitioner to show cause why the petition was not subject to dismissal as a mixed petition because original Grounds Two through Eight were not exhausted. In response, petitioner did not challenge that the claims were not exhausted, and he sought a stay to exhaust the unexhausted claims.

The matter thereafter was stayed while petitioner returned to the state courts to exhaust the unexhausted claims in a second state post-conviction petition. On November 7, 2008, the Supreme Court of Nevada rejected the claims in the second state petition on the grounds that the petition was untimely and further that the petition was successive. See #30, Ex. 93.

The federal matter was reopened on January 29, 2009, and the Court appointed federal habeas counsel for petitioner. Petitioner filed a counseled amended petition on August 18, 2009.

The Court thereafter issued a *sua sponte* show cause order directing petitioner to show cause why the petition was not subject to dismissal in whole or in part because a number of claims were untimely, unexhausted or procedurally defaulted. Following upon briefing and the dismissal of a number of claims, the only portion of the show cause inquiry that remains before the Court concerns whether the remaining claims in amended Grounds 2, 4, 5 and 7 are procedurally defaulted.

### *Governing Law*

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law ground due to a procedural default by the petitioner. Review of a defaulted claim will be barred even if the state court also rejected the claim on the merits in the same decision. Federal habeas review will be barred on claims rejected on an independent and adequate state law ground unless the petitioner can demonstrate either: (a) cause

for the procedural default and actual prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of review. *See,e.g.,Bennet v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

To demonstrate cause, the petitioner must establish that some external and objective factor impeded his efforts to comply with the state's procedural rule. *E.g., Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Hivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999). To demonstrate prejudice, he must show that the alleged error resulted in actual harm. *E.g., Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Both cause and prejudice must be established. *Murray*, 477 U.S. at 494, 106 S.Ct. at 2649.

## *Discussion*

First, petitioner urges that the state supreme court order affirming the denial of his second state petition failed to clearly and expressly rely upon an independent and adequate state law ground because the order failed to unambiguously specify which claims were being barred for which reasons. There was no ambiguity in the state supreme court's order affirming the dismissal of the entire petition – including all claims therein – as untimely. This Court thus has no occasion to consider whether the state supreme court's order was ambiguous as to the alternative state law bases for its order.[1]

Second, petitioner contends that the state supreme court applied the law of the case doctrine to bar the claims in the second state petition and that such a bar merely to relitigation cannot constitute a basis for a procedural default under *Cone v. Bell*, ___ U.S. ___, 129 S.Ct. 1769, 1781-82, 173 L.Ed.2d 701 (2009), and similar cases. Petitioner urges that the state supreme court "cannot have it both ways." Either he "properly presented the claims in the first state post-conviction proceedings and the appellate court ruled on the merits of these claims," such that the law of the case doctrine does not constitute a viable procedural bar, or he "did not properly present the claims in his first state post-conviction

---

[1] Petitioner's reliance upon the Ninth Circuit's decision in *Koerner v. Grigas*, 328 F.3d 1039, 1049-53 (9th Cir. 2003), is misplaced. *Koerner* did not address a state court order that unambiguously affirmed the rejection of an entire petition as untimely. *Cf. Koerner*, 328 F.3d at 1051 (distinguishing prior Supreme Court case where the state petition clearly was dismissed as untimely). The Court further notes that the Supreme Court of Nevada did in fact specify which claims that it believed were being repeated from the first state petition with regard to the bar in N.R.S. 34.810(2). See #30, Ex. 93, at 2-3 n.4.

-3-

proceedings to the Nevada Supreme Court," such that the claims were not repeated claims and the procedural bar does not apply. #35, at 14-15.

This argument is fundamentally flawed.

The Supreme Court of Nevada did not apply the law of the case doctrine to any claim, and there is no mention of law of the case in its order. Indeed. the state high court could not apply the law of the case doctrine to any of these claims because it had not ruled on any of the claims previously – given that the claims indisputably were *not* presented *to the Supreme Court of Nevada* on either the direct appeal or the state post-conviction appeal. The court instead held that the second *petition* was a successive petition that could not be heard because it failed to raise new or different grounds (*i.e.*, raised "repeated" grounds) and the prior determination was on the merits. The prior state *petition* indeed was dismissed on the merits, but the "repeated" *grounds* had not been presented to or ruled on previously by the state supreme court. The Supreme Court of Nevada was applying a successive petition rule, not a law of the case rule.[2] Cases such as *Cone* therefore are inapposite.

Moreover, as noted with respect to petitioner's first argument, the state supreme court rejected the claims in the second state petition on the entirely independent and alternative state law ground that the petition was untimely. Petitioner's fundamentally flawed "either-or" logic does not change the – undisputed and indisputable – fact that he never presented the claims in amended Grounds 2, 4, 5 and 7 to the Supreme Court of Nevada on either the direct appeal or the first state post-conviction appeal. And, as discussed above, the Supreme Court of Nevada made no holding on the second state post-conviction appeal that those claims had been presented *to the Supreme Court of Nevada*. The Supreme Court of Nevada clearly did not apply a mere relitigation bar to the theretofore unexhausted claims in amended Grounds 2, 4, and 5 when it rejected the second petition with those claims as untimely.

---

[2] *See,e.g., McKague v. Whitley*, 112 Nev. 159, 166-67, 912 P.2d 255, 259-60 (1996)(law of the case doctrine was inapplicable because only appellate court decisions may constitute law of the case, and the matter of a second petition repeating claims that were rejected by the state district court but that were not presented to the state supreme court therefore instead was addressed under the successive petition rules of N.R.S. 34.810(2)).

Petitioner's "either-or" logic also is flawed to the extent that he urges that a N.R.S. 34.810 state procedural bar would not apply if the claims were not repeated claims. The claims would be barred in that circumstance under N.R.S. 34.810(1)(b) and, if found to be an abuse of writ, N.R.S. 34.810(2).

Third, petitioner contends that the Nevada state procedural bars in N.R.S. 34.726 and N.R.S. 34.810 do not constitute "adequate" state law grounds for purposes of the procedural default doctrine because the Supreme Court of Nevada applies the procedural bars in an arbitrary and discretionary manner. To show this allegedly erratic application of the state procedural bars, petitioner relies upon the decades-old cases in *Baer v. Amos J. Walker, Inc.*, 85 Nev. 219, 452 P.2d 916 (1969), and *Stocks v. Warden*, 86 Nev. 758, 476 P.2d 469 (1970).

The United States Supreme Court – in a decision issued prior to petitioner's brief – emphatically has rejected the proposition that a discretionary state procedural rule may not serve as an adequate ground to bar federal habeas review. *See Beard v. Kindler*, ___ U.S. ___, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009); *see also Walker v. Martin*, ___ U.S. ___, 131 S.Ct. 1120, 1127-31, 129 L.Ed.2d 62 (2011).

Even prior to *Kindler*, petitioner's argument was conclusively foreclosed by controlling Supreme Court and Ninth Circuit precedent.

Under pre-*Kindler* precedent, in order for a state procedural rule to be "adequate" to support the state court judgment, the state rule must be clear, consistently applied, and well established at the time of the petitioner's purported default. *See,e.g., Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005). A state law procedural rule is adequate if the state courts followed the rule "in the vast majority of cases" during the relevant time. *Dugger v. Adams*, 489 U.S. 401, 410 n. 6, 109 S.Ct. 1211, 1217 n.6, 103 L.Ed.2d 435 (1989); *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir. 1996). A demonstration that the state courts allegedly departed from a consistent application of the state procedural rule in only a "few cases" fails to establish that the state courts do not regularly and consistently apply the procedural rule. *Dugger*, 489 U.S. at 410 n.6, 109 S.Ct. at 1217 n.6 (the Supreme Court held that the state procedural rule constituted an adequate state law ground where the habeas petitioner presented only five cases with arguably inconsistent applications of the rule).

In *Bennett v. Mueller*, 322 F.3d 573 (9th Cir. 2003), the Ninth Circuit established a burden-shifting analysis for determining whether a state procedural rule constitutes an adequate state law ground for purposes of the federal procedural default doctrine. Under *Bennett*, the State has the ultimate burden of proving the adequacy of the state procedural bar. However, the petitioner initially must come forward with case law allegedly demonstrating inconsistent application of the rule:

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, *the burden to place that defense in issue shifts to the petitioner.* The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, *including citation to authority demonstrating inconsistent application of the rule*. Once having done so, however, the ultimate burden is the state's.

322 F.3d at 586 (emphasis added).

The Court looks first to N.R.S. 34.726(1), which provides for a one-year limitation period for state post-conviction petitions. When a habeas petitioner challenges the consistency of a state's application of a time bar, the court must look to the consistency of the application of the time-bar rule both at the time that the limitations period began running following the denial of the direct appeal and at the time that the time bar was applied in denying post-conviction relief. *See, e.g., High v. Ignacio*, 408 F.3d 585, 589 (9th Cir. 2005). In this case, the Court thus looks to the consistency of the Nevada Supreme Court's application of N.R.S. 34.726(1) both at the time that petitioner's direct appeal was denied in 2001 and at the time that the time bar was applied on state post-conviction review in 2008.

The Ninth Circuit consistently has rejected the argument that the Supreme Court of Nevada inconsistently applies the one-year time bar in N.R.S. 34.726(1) generally for time periods up through 1996. *See Loveland v. Hatcher*, 231 F.3d 640, 642-63 (2000)(as of 1993); *Moran*, 80 F.3d at 1269-70 (as of 1996); *see also High*, 408 F.3d at 590 (discussing rejection of the inconsistency argument as to N.R.S. 34.726(1) in rejecting the same argument regarding an earlier Nevada provision); *Collier*, 408 F.3d at 1285 (re: general application as of 2000). When the Ninth Circuit has held, as it held in the foregoing cases with regard to N.R.S. 34.726(1), that the state procedural rule has been consistently applied, the petitioner then has the burden of citing state court cases demonstrating a subsequent inconsistent application of the state rule. *E.g., King v. Lamarque*, 464 F.3d 963, 966-67 (9th Cir. 2006).

In this case, petitioner has not presented any Nevada case law in any way indicating that – subsequent to the period considered in the foregoing Ninth Circuit authorities – the Supreme Court of Nevada applied the one-year time bar in N.R.S. 34.726(1) inconsistently, whether in 2001, in 2008, or at any point in between. The only Nevada cases cited by petitioner concern procedural bars other than N.R.S. 34.726(1) and/or were decided well before, sometimes decades before, the period at issue in this

case.³ Under established law, cases that concern other procedural rules and that do not discuss the application of the procedural rule barring an untimely post-conviction petition "are not relevant" to the question of whether N.R.S. 34.726(1) has been consistently applied. *Moran*, 80 F.3d at 1270. Petitioner cites no Nevada case law in any way indicating an inconsistent application of N.R.S. 34.726(1) during the relevant time period, from 2001 through the current time.

In the absence of any authority showing that the state courts apply N.R.S. 34.726(1) inconsistently, the Court must presume that the state procedural rule is adequate. *See High,* 408 F.3d

---

³For example, both *Baer v. Amos J. Walker, Inc.*, 85 Nev. 219, 452 P.2d 916 (1969), and *Stocks v. Warden*, 86 Nev. 758, 476 P.2d 469 (1970), were decided long before N.R.S. 34.726 was passed into law in 1991 and became effective in 1993. These 1969 and 1970 decisions thus clearly do not establish that -- subsequent to the Ninth Circuit's *Loveland* and *Moran* holdings that the Nevada Supreme Court was applying the statute consistently in 1993 and 1996 -- the state high court suddenly, and *sub silentio*, began applying N.R.S. 34.726(1) inconsistently in 2001 and 2008 based upon inapposite state precedents decided decades before the statute was passed.

*Baer* additionally is not even a habeas or post-conviction case. The case instead was a suit to compel payment on a $5,000 promissory note by a Nevada closely held corporation. The respondents in that case argued that the appellants had failed to observe rules of appellate procedure that are not specified in the opinion. The Nevada Supreme Court declined to dismiss the appeal, stating that the court had the discretion to overlook a breach of the court's own procedural rules. Such strained authority hardly establishes that, decades later, the state supreme court inconsistently applied a state statute passed by the Nevada state legislature.

*Stocks* was a post-conviction case where the Supreme Court of Nevada chose to entertain the petition despite the petitioner's failure to explain why he did not raise the claim in the second petition in his first petition, in connection with the successive petition rule in the then-applicable N.R.S. 177.375. *Stocks* has no bearing on the consistency of the state high court's application decades later of a different procedural bar under a different statute.

Similarly, petitioner relies on a statement in *Tillema v. State*, 112 Nev. 266, 914 P.2d 605 (1996), that the state high court could address plain error and constitutional error on appeal *sua sponte*. *See* 112 Nev. 273, 914 P.2d at 609-10. The discussion cited concerns direct appeal rather than post-conviction relief, and the discussion further concerns a discretionary judicial rule limiting consideration of issues not raised on appeal rather than the statutory rule in N.R.S. 34.726(1) barring untimely post-conviction petitions. The discussion in any event is from the dissenting opinion. This inapposite case in all events has no bearing on the Nevada Supreme Court's application of N.R.S. 34.726(1) in 2001 and 2008.

Finally, petitioner's *cf.* citation to *Warden v. Liscko*, 90 Nev. 221, 523 P.2d 6 (1974), clearly is unavailing given that, as petitioner notes, the case was overruled by the Supreme Court of Nevada on the cited point in *Pellegrini v. State*, 117 Nev. 860, 523 P.2d. 6 (2002).

As noted, *infra*, in the text, the continued presentation of argument challenging the adequacy of the N.R.S. 34.726(1) procedural bar based upon these inapposite and/or overruled cases decided well outside the relevant period established by controlling Ninth Circuit precedent strains the bounds of permissible argument.

The Court makes no implied holding that the cases cited by petitioner otherwise would establish the inconsistent application of any procedural bar actually considered in the above cases.

at 590. The Court holds that N.R.S. 34.726(1) constituted an adequate state law ground at the relevant time for purposes of the procedural default doctrine.

The Court therefore need not reach any issue as to whether N.R.S. 34.810 also would constitute an adequate state law ground in this case.

The Federal Public Defender would do well to consider whether continually recycling this same completely meritless argument based upon the same repeatedly rejected citations is consistent with counsel's signing obligations under Rule 11 of the Federal Rules of Civil Procedure. The argument, at the very least, has no persuasive value, as it can succeed only if the Court ignores apposite Supreme Court and Ninth Circuit law that plainly requires its rejection. While the Court has considerable patience, it does not have the resources to continually be presented with what in truth is a frivolous argument.

Fourth, petitioner seeks to establish cause and prejudice to overcome the default.

Petitioner relies on alleged ineffective assistance of appellate counsel as cause for the failure to raise the independent substantive claims in amended Grounds 2, 4 and 7 on direct appeal. A habeas petitioner potentially may establish cause and prejudice based upon alleged ineffective assistance of appellate counsel in failing to raise a claim on direct appeal in the original criminal proceedings. *See,e.g., Cockett v. Ray*, 333 F.3d 938, 943-44 (9th Cir. 2003). However, any such claim of ineffective assistance of counsel must itself be exhausted as an independent claim and must not be procedurally defaulted in order to constitute cause. *Id.* Petitioner's only exhausted claims of ineffective assistance of appellate counsel themselves are procedurally defaulted. Petitioner therefore may not successfully rely upon ineffective assistance of appellate counsel to establish cause excusing the procedural default of any claim herein. Petitioner's efforts to recast what in truth are allegations of ineffective assistance of appellate counsel instead as an "effective denial of his right to appeal" are wholly unpersuasive.[4]

---

[4] The Ninth Circuit's decision in *Deutscher v. Angelone*, 16 F.3d 981 (9th Cir. 1994), is inapposite. It was found in *Deutscher* that counsel filed a federal habeas petition in a capital case without the petitioner's authorization. The Ninth Circuit accordingly held that the petitioner's second petition therefore should be considered as his first petition for federal abuse of writ rules. Petitioner urges herein that "similarly" appellate counsel failed to consult with him with regard to the issues to be raised in the appeal briefing, failed to advise petitioner that a failure to raise issues could lead

(continued...)

Petitioner further relies on post-conviction counsel's failure to pursue claims of ineffective assistance of appellate counsel on the appeal from the denial of his first state petition. However, any alleged ineffective assistance of counsel can constitute cause to excuse a procedural default only if the petitioner had a constitutional right to counsel in the proceeding in which the default occurred. *E.g., Smith v. Idaho*, 392 F.3d 350, 357 (9th Cir. 2004). Petitioner had no constitutional right to counsel in the state post-conviction proceedings. Post-conviction counsel's failure to pursue the claims of ineffective assistance of appellate counsel on the first post-conviction appeal therefore cannot constitute cause. Here too, petitioner's semantical efforts to recast the situation as one where he in effect was denied access to state post-conviction remedies because post-conviction counsel "interfered" with his pursuit of his claims are wholly unpersuasive. Even on direct appeal, where a defendant has a constitutional right to counsel, a defendant does not have a right to have appellate counsel raise every nonfrivolous argument that the defendant wants to raise on the appeal. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). If the mere failure to raise an issue that the defendant wanted to raise on appeal – standing alone without constitutional ineffective assistance of counsel – does not constitute cause with regard to an issue omitted on direct appeal, it certainly does not constitute cause with respect to an issue omitted from a state post-conviction appeal.[5]

Petitioner therefore has failed to establish cause for the procedural default.

Petitioner further has failed to make a sufficient showing of prejudice. Petitioner merely refers to the allegations of the amended petition and makes conclusory assertions that his claims were

---

[4](...continued)
to their being procedurally barred, and failed to raise allegedly meritorious issues. These are garden variety allegations of ineffective assistance of appellate counsel that do not take this case out of the reach of the established law cited in the text.

[5] The Ninth Circuit's decision in *Manning v. Foster*, 224 F.3d 1129 (9th Cir. 2000), is inapposite. *Manning* involved erroneous advice by trial counsel regarding state post-conviction procedure that resulted in the petitioner not filing a timely state post-conviction petition. *Manning* thus involved counsel giving erroneous advice as to which he had a conflict of interest, as he had a personal incentive to not be claimed to have rendered ineffective assistance of counsel. In this instance, state post-conviction counsel had no such conflict of interest. State post-conviction counsel had not served as counsel on the direct appeal, such that she was not acting on her own behalf when she made an independent professional judgment to not pursue claims of ineffective assistance of appellate counsel on the first post-conviction appeal. *Manning* thus is wholly inapposite.

meritorious and that he therefore was prejudiced. #35, at 20, lines 6-8; 23, lines 26-28; and 24, lines 5-8. Petitioner has the burden of demonstrating *both* cause *and* prejudice when seeking to overcome a procedural default. *E.g., Murray*, 477 U.S. at 494, 106 S.Ct. at 2649. In order to demonstrate the requisite prejudice, the petitioner must establish not merely that the errors constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *Leavitt v. Arave*, 383 F.3d 809, 838 (9th Cir. 2004); *Correll v. Stewart*, 137 F.3d 1404, 1415 (9th Cir. 1998). Merely conclusorily incorporating the allegations of the petition by reference fails to carry this burden.

The Court accordingly holds that Grounds 2, 4, 5 and 7 are procedurally defaulted.

IT THEREFORE IS ORDERED that petitioner's motion (#43) for partial dismissal is GRANTED and the following claims are DISMISSED without prejudice:

(1) the claim in Ground 4 alleging that the introduction of Bradley Kimes' testimony rendered the evidence insufficient to support the conviction for conspiracy to commit murder; and

(2) the claims in Ground 7 alleging denials of due process and of a corresponding general right to a fair trial.

IT FURTHER IS ORDERED that all remaining claims in Grounds 2, 4, 5 and 7 that have not been dismissed previously are DISMISSED with prejudice as procedurally defaulted.

IT FURTHER IS ORDERED that, within forty (45) days of entry of this order, respondents shall file a response to the remaining claims, *i.e.,* amended Grounds 3 and 6. If respondents have any procedural defenses to the remaining claims that have not been addressed previously in this matter, respondents shall present all such procedural defenses in a single motion to dismiss. Failure to raise any such remaining procedural defenses in the single motion to dismiss may result in a waiver of the defense. Respondents further shall not consolidate their response to the merits with any such procedural defenses, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.

IT FURTHER IS ORDERED that petitioner shall have forty-five (45) days from service of the answer, motion to dismiss, or other response to file a reply or opposition.

/ / / /

1   The Court is endeavoring to resolve all aspects of this case no later than March 30, 2012.
2   Accordingly, in the event of any scheduling conflicts with the demands of other cases in this District,
3   counsel in normal circumstances should seek any requested extension in the later-filed case.
4   DATED this 5th day of July, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE